UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ED YAYO,

        Petitioner,

            v.                                    CAUSE NO. 3:26-CV-100-CCB-SJF

WARDEN,

        Respondent.

## **OPINION AND ORDER**

Immigration detainee Ed Yayo, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The Warden has answered the petition, and Yayo filed a reply. ECF 6, ECF 7. The petition is ready to be decided.

Yayo, a Haitian citizen, filed this habeas petition alleging that he cannot be removed from the United States because he has Temporary Protected Status (TPS). A noncitizen who has been granted TPS shall not be removed from the United States while the status is in effect and is authorized to work in the United States. *See* 8 U.S.C. § 1254a(a)(1). Further, "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

The Warden answered the petition and provided evidence that Yayo does not have TSP. According to Yayo's immigration records, he entered the United States in

2006 on a B-2 visitor's visa with authorization to stay up to six months. ECF 6-1 at 3. He overstayed his visa. Yayo was initially granted TPS on May 27, 2010. ECF 6-2 at 2. But United States Citizenship and Immigration Services (USCIS) withdrew that status on September 27, 2021, after finding that Yayo was not, in fact, eligible for TPS based on his criminal record. *Id.* Specifically, a noncitizen is ineligible for TPS if he "has been convicted of any felony or 2 or more misdemeanors committed in the United States." 8 U.S.C. § 1254a(c)(2)(B)(i). USCIS identified eight arrests that might disqualify Yayo for TPS and asked him to submit additional evidence, showing those arrests are not disqualifying. ECF 6-2 at 4-8. He did not respond, and his TPS was withdrawn. *Id.*at 8.

Yayo was taken into the custody of Immigration and Customs Enforcement (ICE) on December 26, 2024, and he was ordered removed to Haiti on August 21, 2025. ECF 1 at 4; ECF 6-3 at 2-5. Yayo appealed to the Board of Immigration Appeals. ECF 6-4 at 2-4.

Based on the information provided by the Warden, Yayo is not entitled to the relief he seeks because his TPS has been withdrawn and no longer provides him protection from detention or removal. In reply, Yayo does not contest that he no longer has the protection of TPS. Instead, he asks this court to release him because he was wrongfully arrested and detained by local police officers and because he suffers from mental health issues and a Methicillin-resistant Staphylococcus aureus (MRSA) infection that will not be properly treated in Haiti and may cause his death. These are not reasons that allow this court to grant habeas relief.

An alleged unlawful arrest does not invalidate a subsequent detention that is otherwise authorized. *See Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("In the

criminal law, if there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal, although he may be able to suppress at his trial evidence seized as an incident to his arrest. This court has applied the same principle, distinguishing illegal arrest from illegal detention, in deportation cases."); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted). Yayo has not presented a reason outside of his now-withdrawn TPS to find his detention is unauthorized.

Finally, this court's jurisdiction over habeas petitions does not extend to reviewing the merits of a removal order or second guessing the Department of Homeland Security's discretion over when or whether to execute a removal order. *See* 8 U.S.C. § 1252(g); *Morales-Ramirez v. Reno*, 209 F.3d 977, 979 (7th Cir. 2000) (concluding § 1252(g) prevents a district court from exercising jurisdiction over a habeas petition that challenges the merits of an order of removal). Yayo's fears about his return to Haiti are not a basis for this court to order his release or otherwise stop his removal.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS**

the clerk to close this case.

SO ORDERED on May 5, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4